

FILED

SEP 19 2019

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANI/

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

EMILIO RAMON NAVARRO

Criminal No. 19-279

[UNDER SEAL]

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Robert S. Cessar and Mark V. Gurzo, Assistant United States Attorneys for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a 29 count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1-28 | Unlawful distribution of Schedule II controlled substances<br>April 2018 to April 2019 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) |
| 29 | Health Care Fraud<br>April 2018 to April 2019 | 18 U.S.C. §§ 1347 and 2 |

## II. ELEMENTS OF THE OFFENSES

A.  **As to Counts 1-28:**

In order for the crime of unlawful distribution of a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(C) to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the dates set forth in the Indictment, the defendant dispensed oxycodone and oxymorphone outside the course of professional practice and for no legitimate medical purpose.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2. That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3. That oxycodone and oxymorphone are Schedule II controlled substances.

B.  **As to Count 29:**

In order for the crime of health care fraud, in violation of 18 U.S.C. §§ 1347 and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly devised or participated in a scheme to defraud the Medicaid program (billing as Cigna, Health Choices and UPMC health plans) in connection with the delivery of or payment for health care benefits, items, or services;

2.      That the defendant acted with the intent to defraud; and

3.      That the Medicaid program is a public or private plans or contracts, affecting commerce, under which medical benefits, items, or services were provided to any individual, for which payment may be made under the plans or contracts.

Third Circuit Model Criminal jury Instruction 6.18.1347.

### III. PENALTIES

**A.      As to Counts 1-28: Unlawful distribution of a Schedule II controlled substance (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):**

1.      A term of imprisonment of not more than twenty (20) years.

2.      A fine not to exceed $1,000,000.

3.      A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1.      A term of imprisonment of not more than thirty (30) years.

2.      A fine not to exceed $2,000,000.

3.      A term of supervised release of at least six (6) years.

**B.      As to Count 29: Health Care Fraud (18 U.S.C. §§ 1347 and 2):**

1.      (a)     A term of imprisonment of not more than ten (10) years;

         (b)     If the violation results in serious bodily injury as defined in Title 18, United States Code, Section 1365, a term of imprisonment of not more than twenty (20) years;

(c)     If the violation results in death, a term of imprisonment for any term of years or for life;

2.     A fine not more than the greater of $250,000 or an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this fine would unduly complicate or prolong the sentencing process; and

3.     A term of supervised release of not more than three (3) years

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Count 29, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. <u>FORFEITURE</u>

Not applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*/s/ Robert S. Cessar*
ROBERT S. CESSAR
Assistant U.S. Attorney
PA ID No. 47736

*/s/ Mark V. Gurzo*
MARK V. GURZO
Assistant U.S. Attorney
MD ID No. 20794
